# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4278 | **DATE** | 9/24/2004 |
| **CASE TITLE** | KEMPER/PRIME INDUSTRIAL PARTNERS vs. MONTGOMERY WATSON AMERICAS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's Motion to Amend Judgment [doc. no. 280-1] is denied. The Court did not consider Defendant's surreply, and therefore Plaintiff's Motion to Strike Defendant's Sur-Reply [doc. no. 291-1] is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 27 2004 | |
| | Notified counsel by telephone. | | date docketed | 291 |
| ✓ | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 2004 SEP 24 PM 2:00 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 27 2004

| | | |
|---|---|---|
| KEMPER/PRIME INDUSTRIAL PARTNERS, | ) ) ) | |
| Plaintiff, | ) ) ) | Judge Ronald A. Guzmán |
| v. | ) ) | |
| MONTGOMERY WATSON AMERICAS, INC., | ) ) ) ) | 97 C 4278 |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Judgment. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff asks this Court to reconsider its Memorandum Opinion and Order dismissing the case with prejudice after finding that Plaintiff was barred from offering any evidence of damages at trial. *See Kemper/Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, No. 97 C 4278, 2004 WL 725223, at *5 (N.D. Ill. Mar. 31, 2004) ("3/31/04 Order").[1] In the 3/31/04 Order, the Court reiterated its previous finding that to prove its damages claim:

> Plaintiff must offer evidence of (1) the cost of remediating the contamination listed in the 1990 Report, and (2) the total cost of

---

[1] The Court presumes familiarity with the underlying factual and procedural history of this case. A brief summary is included in the 3/31/04 Order. *See Kemper/Prime*, 2004 WL 725223, at *1.



> remediating the contamination that existed on the Property at the time of the 1990 Report. If Defendant were liable for negligent misrepresentation, the second figure should be greater than the first, and the difference would represent Plaintiff's damages.

*Id.* at *1.

The Court concluded that Plaintiff had disclosed no evidence whatsoever of the first parameter, and the evidence offered in support of the second parameter was fatally flawed in several respects. *Id.* at *2-4. The Court therefore barred Plaintiff from introducing evidence of damages at trial pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(B). *Id.* at *5. Because Plaintiff could not prove damages, a necessary element of its claim of negligent misrepresentation, the Court dismissed Plaintiff's claim with prejudice. *Id.* Plaintiff agrees with the Court's finding on the methodology necessary to determine its damages but argues that the Court failed to consider evidence that would allow both parameters to be calculated. Plaintiff further argues that dismissal was not warranted.

## DISCUSSION

This Court has the discretion to grant a motion to alter or amend judgment pursuant to Rule 59(e) "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (holding that Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures").

2

Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876 (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Furthermore, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

### 1. Remediation Costs in 1990 Report

Plaintiff first disputes the Court's conclusion that Plaintiff did not offer evidence of the first parameter of damages, *i.e.*, the cost of remediating the contamination listed in the 1990 Report. In the 3/31/04 Order, the Court rejected Plaintiff's assertion that the 1990 Report reflected only $300,000 in remediation costs, noting that the $300,000 estimate was for cleaning up only a portion of all identified contamination. The only other evidence Plaintiff offered for this calculation was found to be based purely on conjecture and speculation.

Plaintiff now argues that the 1990 Report itself identifies where soil borings were placed and the contamination found at those locations. Plaintiff avers that its damages expert Laszewski could testify about the contamination listed in the 1990 Report in terms of cubic yards, and he could then subtract that amount from the cubic yards of contamination listed in his Remediation Report. Plaintiff's reply states that "the cost, measured in dollars, of remediating the contamination listed in the 1990 Report is not essential as long as Dr. Laszewski is able to exclude from his calculation the cubic yards of contaminated soil on the Property as identified in the 1990 Report." (Pl.'s Reply Supp. Pl.'s Mot. Amend J. at 2.)

3

First, this argument improperly asks that Laszewski be given an opportunity to present a new opinion not previously disclosed but which could have been obtained during discovery. As has been made exceedingly clear in this Court's prior rulings, the issue before the Court is whether Plaintiff has *already* disclosed its evidence of damages. Whether or not it could theoretically do so after further bites at the apple is of no import. *See Kemper/Prime*, 2004 WL 725223, at *1 (quoting the Court's previous order stating that "'it is clearly too late'" to offer new evidence of the cost of remediating the contamination disclosed in the 1990 Report); *see also Salgado v. Gen. Motors Corp.*, No. C 93 C 1427, 1996 WL 535333, at *6 (N.D. Ill. Sept. 19, 1996) (barring expert testimony that was not disclosed in a timely manner). This testimony would unquestionably constitute a new expert opinion because, contrary to Plaintiff's suggestion, Laszewski could not merely offer a mathematical computation subtracting the cubic yards of contamination in the 1990 Report from the cubic yards of contamination he identified. Laszewski would have to give an expert opinion about the specific types and amount of contamination listed in the 1990 Report and opine as to the costs of remediating that contamination.

Second, Plaintiff's proposed calculation of the first damages parameter is wholly dependent upon the calculations included in Laszewski's Remediation Report. As explained in the 3/31/04 Order, the Remediation Report included only the costs of remediating the property to a Tier One standard, and therefore Plaintiff's proposed opinion gives no guidance whatsoever for calculating the costs of remediating the contamination in the 1990 Report to a Tier Two or Tier Three standard.

Third, Plaintiff claims "the Court did not properly consider the fact that plaintiff's damages expert, Dr. Laszewski, had calculated separate and individual costs for remediating each and every contaminated area on the property in 1990." (Pl.'s Mem. Law Supp. Mot. Amend J. at 4.) Again,

this argument does not address Plaintiff's failure to obtain an expert opinion addressing the costs of remediating the areas of contamination in the 1990 Report. The fact that Laszewski had sufficient data to form an expert opinion on the issue does not excuse the fact that he did not do so.

Finally, even if the costs of remediating the contamination identified in the 1990 Report could be determined by the number of cubic yards alone, there is no reason Plaintiff could not have raised that issue in its previous submission to the Court. Plaintiff asserts that this evidence was "in the record" and should have been considered before dismissing the case. The Court disagrees that it was under any obligation to scour the docket in this seven-year-old case to find evidence in support of Plaintiff's damages claim, especially when the Court expressly asked Plaintiff to submit a memorandum listing all the evidence it intended to present at trial. Were this evidence dispositive of Plaintiff's damages claim, surely it would have, or should have, been included in Plaintiff's prior submission. Plaintiff's failure to take the Court's request seriously is not cause to amend the judgment. *See In re Prince*, 85 F.3d at 324 ("Where a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce the evidence to support a Rule 59(e) motion."). Plaintiff could not have been unaware of the importance in laying out all potential evidence, given this Court's statement that without evidence of damages, the issue could not be presented to a jury. Similarly, Plaintiff should have known that failure to offer any evidence of the damages element would be fatal to its claim.

**2.    Full Cost of Remediation in 1990**

In the 3/31/04 Order, the Court found that Plaintiff's evidence relating to the second parameter, Laszewski's Remediation Report, was fatally flawed for three main reasons: (1) the Remediation Report estimates the cost of remediating contamination to only a Tier One level and

5

would give no guidance to a jury seeking to determine the cost of a lesser standard of remediation; (2) the Remediation Report did not allocate the costs of remediating the parcels of the property sold to subsequent purchasers who are not parties to this suit; and (3) the Remediation Report failed to account for contamination that occurred after the 1990 Report was prepared. *Kemper/Prime*, 2004 WL 725223, at *3-4. Plaintiff disputes each of the Court's conclusions.

### a. Lesser Standard of Remediation

Plaintiff maintains that the Remediation Report included "all of the data necessary for this Court, the defendant, or the trier of fact to calculate a Tier One, Tier Two, Tier Three, or any other type/combination of remediation deemed appropriate." (Pl.'s Mem. Law Supp. Mot. Amend J. at 4.) Plaintiff further notes that Defendant's expert was able to calculate an estimate of Tier Two and Tier Three cleanup costs based on this data. (*Id.*)

First, Plaintiff's statement that the trier of fact could calculate the costs of lesser standards of remediation from the raw data contained in Laszewski's expert report is risible. Such a calculation is clearly beyond the comprehension of this Court or the trier of fact and is properly the subject of expert testimony. It is undisputed that Laszewski's expert opinion calculated only Tier One remediation costs. It is now too late for him to issue another opinion calculating the costs of lesser standards of remediation. Second, if Plaintiff intended at trial to rely upon Defendant's expert report regarding Tier Two and Tier Three calculations (which would be unusual, at the very least), it could have and should have offered that evidence previously.

### b. Parcels Sold to Subsequent Purchasers

Plaintiff argues that the Remediation Report identifies the precise location of the contamination, and at trial, Laszewski can "simply transpose the property boundary of [Plaintiff's

6

property] over the maps attached to his Remediation Report in order to isolate damage to property owned by [Plaintiff]." (*Id.* at 5-6.) Yet again, Plaintiff offers proposed evidence that could have been included in its prior submission. Moreover, Plaintiff does not attempt to explain how the location of the contamination represented on a map, by itself, will give any guidance as to the relative costs of cleaning up the portion of the property owned by Plaintiff. It is clear that Plaintiff proposes to offer an expert opinion that was not previously disclosed, which does not demonstrate a manifest error in the 3/31/04 Order.

    c.    **Subsequent Contamination**

Plaintiff contends that the post-1990 contamination referred to in the 3/31/04 Order, which was the subject of unrelated litigation, involved property belonging to a subsequent purchaser and the court in that case concluded that no contamination has occurred on that property since 1989. Defendant responds by submitting requests for admission in which Plaintiff admits that lead was improperly disposed on its property from September 1992 to on or about June 25, 1993. (Def.'s Resp. Mot. Amend J., Ex. 5, Pl.'s Answers to Third Requests for Admission at 1.) Defendant also offers deposition testimony establishing that after the 1990 Report was completed, an active landfill was operating on a portion of Plaintiff's property. (*Id.*, Ex. 7, Adams Dep. at 149-51.)

Plaintiff states in its reply that "[n]o evidence exists to indicate that any contamination has been placed on [Plaintiff's] Property since 1990," (Pl.'s Reply Supp. Pl.'s Mot. Amend J. at 5), but it fails to address Defendant's submissions showing that Plaintiff has admitted to subsequent contamination. Therefore, Plaintiff has not demonstrated a manifest error in the Court's conclusion that the Remediation Report does not quantify or distinguish post-1990 contamination in a manner

that would allow the trier of fact to determine the accurate cost of remediating the property as it stood at the time of the 1990 Report.

### 3. Imposition of Discovery Sanctions and Dismissal

In the 3/31/04 Order, the Court found "that Plaintiff has failed to produce any evidence in discovery that would allow a trier of fact to determine the existence or extent of its damages." *Kemper/Prime*, 2004 WL 725223, at *4. The Court therefore barred Plaintiff from presenting its damages evidence at trial. *Id.* Because Plaintiff could not offer evidence of damages, a necessary element of its claim, the case was dismissed with prejudice. *Id.* at *5.

Plaintiff argues that it timely produced the Remediation Report and submitted Laszewski for a deposition and further that Defendant's expert "used plaintiff's data to compute the costs of remediating the contaminants listed in defendant's 1990 Report under alternative remedial approaches."[2] (Pl.'s Mem. Law Supp. Mot. Amend J. at 8.) Plaintiff contends that "every alternative remedial approach calculated by defendant's expert . . . leads to a[] positive amount of damage due Plaintiff." (*Id.*) Plaintiff further claims that a Rule 37(b) dismissal was not warranted in this case.

First, the fact that Plaintiff offered an expert opinion in a timely manner does not demonstrate that the Court erred in concluding that the expert opinion is not sufficient to support Plaintiff's damages claim. Second, while Plaintiff need not prove damages to a mathematical certainty, Plaintiff has not disclosed evidence in discovery showing that it has suffered any damages at all. By failing to offer any proof of the first parameter, it would be impossible for a trier of fact to conclude

---

[2] Contrary to Plaintiff's implication, nothing in Defendant's expert report suggests it quantified only the contamination identified in the 1990 Report. To the contrary, the report was clearly designed as a response to Laszewski's Remediation Report, which did not separately address the 1990 Report's disclosures of contamination.

8

that there is "a positive amount of damage." Furthermore, based on the evidence previously disclosed by Plaintiff, the second parameter cannot be calculated without resorting to sheer speculation. As a result, the Court did not err in barring Plaintiff from presenting its flimsy and insufficient evidence of damages at trial pursuant to Rule 37(b)(2)(B).

Finally, Plaintiff's contention that dismissal was inappropriate as a Rule 37(b) sanction misapprehends the basis of the dismissal. The Court did not dismiss Plaintiff's claims as a discovery sanction but rather because Plaintiff was barred from presenting evidence of damages and therefore could not, as a matter of law, prove a necessary element of its negligent misrepresentation claim. In sum, Plaintiff has failed to offer any new evidence or point to evidence in the record establishing a manifest error of law or fact in the 3/31/04 Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend Judgment [doc. no. 280-1] is denied. The Court did not consider Defendant's surreply, and therefore Plaintiff's Motion to Strike Defendant's Sur-Reply [doc. no. 291-1] is denied as moot.

**SO ORDERED.**  ENTERED: 9/24/04

HON. RONALD A. GUZMAN
**United States Judge**

9