Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4278 | **DATE** | 12/20/2004 |
| **CASE TITLE** | KEMPER PRIME INDUSTRIAL PARTNERS vs. MONTGOMERY WATSON AMERICAS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court finds that there is no just reason for delay and directs that judgment be entered pursuant to Rule 54(b) on the Court's March 31, 2004 Order dismissing Kemper's negligent misrepresentation claim against MWA. Kemper's motion for entry of final judgment pursuant to Rule 54(b)[doc. no. 299] is granted. MWA's counterclaim against Kemper and its third-party CERCLA claim against Prime are dismissed pursuant to Rule 41(a). MWA's third-party claim against Prime for contractual indemnity is the only claim remaining in this suit.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | DEC 21 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | rbf | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| CG | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEMPER PRIME INDUSTRIAL PARTNERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 97 C 4278 |
| MONTGOMERY WATSON AMERICAS, INC., | ) ) ) | Judge Ronald A. Guzmán |
| Defendant. | ) ) | |
| MONTGOMERY WATSON AMERICAS, INC., | ) ) ) | DOCKETED DEC 2 1 2004 |
| Third-party Plaintiff, | ) ) | |
| v. | ) ) | |
| THE PRIME GROUP, INC., | ) ) | |
| Third-party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The case is before the Court on Kemper/Prime Industrial Partner's ("Kemper") motion to enter judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54(b) on its negligent misrepresentation claim against Montgomery Watson Americas, Inc. ("MWA"). For the reasons set forth below, the motion is granted.



## Background

On March 31, 2004, the Court dismissed Kemper's claim against MWA for negligent misrepresentation. That order terminated Kemper's case, but did not affect MWA's counterclaim against Kemper or its third-party claims against The Prime Group ("Prime").

MWA now says it is not "actively pursu[ing]" its counterclaim against Kemper or its third-party CERCLA claim against Prime. (Def.'s Resp. Mot. Rule 54(b) J. at 1.) Because MWA no longer wishes to pursue those claims, the Court dismisses them pursuant to Rule 41(a).

That leaves only one claim before the Court: MWA's third-party claim against Prime for contractual indemnity. Our task, then, is to determine whether a Rule 54(b) judgment on Kemper's negligent misrepresentation claim against MWA is appropriate, given the pendency of MWA's indemnity claim against Prime.

## Discussion

Rule 54 permits the Court to "direct the entry of a final judgment as to one or more but fewer than all of the claims" in a suit if there is "no just reason" to delay an immediate appeal. FED. R. CIV. P. 54(b). A Rule 54(b) judgment is appropriate only if the district court has "completely dispose[d] of a separate claim for relief or finally resolve[d] all claims against a particular party." *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990). That standard can be satisfied, our court of appeals has said, only if "the retained and the appealed claims [are] factually distinct." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1366 (7th Cir. 1990).

The standard is met in this case. MWA's contractual indemnity claim against Prime is factually and legally distinct from Kemper's negligent misrepresentation claim against MWA. The former claim requires the Court to determine whether the contract between MWA and Prime requires Prime to indemnify MWA for any damages it sustained as a result of Kemper's suit against it. Because the Court has held that there is an ambiguity in the contract, determination of that claim will require extrinsic evidence of Prime and MWA's intent. Kemper's claim, on the other hand, requires proof that: (1) MWA had a duty to communicate accurate information to Kemper; (2) MWA made a false statement of material fact; (3) MWA was careless or negligent in ascertaining the truth or falsity of the statement; (4) MWA intended to induce Kemper to act; and (5) Kemper relied to its detriment on the false statement. *Fremont Fin. Corp. v. IPC/Levy, Inc.*, 994 F. Supp. 988, 990 (N.D. Ill. 1998). None of the evidence necessary to prove or refute MWA's claim will help prove or refute Kemper's claim. Because the two claims are distinct, the Court's March 31, 2004 dismissal Order completely disposed of Kemper's claim, as Rule 54(b) requires.

The next question is whether there is any reason to afford Kemper an immediate appeal. MWA's claim is not currently set for trial and, given the Court's schedule, could not be tried until late summer 2005, at the earliest. Thus, if we deny Kemper's motion, it would have to wait another year to finally resolve its seven-year-old claim. If we grant Kemper's motion, however, there is a risk of multiple appeals. But that does not mean the court of appeals would be forced to sift through the same facts and arguments twice. On the contrary, Kemper's claim is so distinct from MWA's that there would be little, if any, evidentiary overlap. Under the circumstances, it would be unreasonable to keep Kemper in limbo pending the resolution of MWA's claim.

## Conclusion

For all of the reasons stated above, the Court finds that there is no just reason for delay and directs that judgment be entered pursuant to Rule 54(b) on the Court's March 31, 2004 Order dismissing Kemper's negligent misrepresentation claim against MWA. Kemper's motion for entry of final judgment pursuant to Rule 54(b) [doc. no. 299] is, therefore, granted. MWA's counterclaim against Kemper and its third-party CERCLA claim against Prime are dismissed pursuant to Rule 41(a). MWA's third-party claim against Prime for contractual indemnity is the only claim remaining in this suit.

SO ORDERED     ENTERED:

12/20/04

*Ronald A. Guzman*

HON. RONALD A. GUZMAN
United States District Judge

4