IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEMPER PRIME INDUSTRIAL PARTNERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MONTGOMERY WATSON ) <br> AMERICAS, INC., ) <br> ) <br> Defendant. ) <br> ────────────────── ) <br> ) <br> MONTGOMERY WATSON ) <br> AMERICAS, INC., ) <br> ) <br> Third-party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE PRIME GROUP, INC., ) <br> ) <br> Third-party Defendant. ) | No. 97 C 4278 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

The case is before the Court for a determination of whether: (1) certain language in the parties' indemnification agreement creates condition precedents or exceptions to liability; and, if it is the latter, (2) The Prime Group, Inc. ("Prime") has waived the affirmative defenses by failing to assert them in a timely fashion. The dispute stems from the following contract provisions:

7. Insurance
[Montgomery Watson Americas, Inc. ("MWA")] maintains the following insurance coverages:
  
| TYPE | LIMITS |
|---|---|
| Workers' Compensation and | $ Statutory |

| | |
|---|---|
| Employers' Liability | $500,000 |
| General Liability | $1,000,000 each occurrence |
|    Combined (Bodily injury and property damage) Single Limit Liability | $2,000,000 aggregate |
| Automobile Liability | $1,000,000 each occurrence |
|    Combined (Bodily injury and property damage) Single Limit Liability | |

9. [Prime] Indemnification of [MWA]
**Except for claims covered under the policies of insurance and policy limits identified in Paragraph 7, [Prime] shall be solely responsible to third parties for damages** arising as a result of [MWA's] performance or non-performance of any Services. To the maximum extent permitted by law, [Prime] shall indemnify, defend and hold harmless [MWA] from all costs arising out of or connected with third party claims, **other than claims covered under the policies of insurance and policy limits identified in Paragraph 7.**

(*See* MWA's Supplemental Trial Br., Ex. 2, Professional Services Agreement ("PSA") at 1 (emphasis added).) Prime says that the language in bold creates two conditions precedent to its indemnity obligation, that: (1) the claims are not covered by the specified insurance policies; and (2) the claims for which MWA seeks indemnification are for damages to third parties. In other words, Prime believes that MWA must prove those propositions as part of its case-in-chief. MWA, of course, disagrees. It contends that the bolded language recites exceptions to Prime's liability, which are affirmative defenses that Prime must plead and prove.

"A condition precedent is an act or event, other than a lapse of time which must exist or occur before a duty of immediate performance of a promise arises." *Wasserman v. Autohaus on Edens, Inc.*, 559 N.E.2d 911, 916 (Ill. App. Ct. 1990). A contract provision will be construed as a condition precedent only if "the intent to create such a condition is apparent from the face of the agreement." *AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002) (quotation

2

omitted). If the language of the contract is unambiguous, the intent to create a condition precedent is a question of law. *Id.* "Conditions precedent are generally indicated by the terms 'on the condition', 'subject to,' 'when,' 'as soon as,' or other similar terms." *Id.* (quotation omitted).

The insurance coverage language does not condition Prime's liability on any action by MWA or the occurrence of a particular event. It also does not contain any of the words that signal a condition precedent. Rather, it excludes from Prime's indemnity obligation certain claims that would otherwise be covered. An assertion that a claim falls into an exception to an indemnity agreement is an affirmative defense on which the indemnitor bears the burden of proof. *See W. Suburban Mass Transit Dist. v. Consol. Rail Corp.*, 569 N.E.2d 187, 189 (Ill. App. Ct. 1991) (describing as an affirmative defense defendant's claim that plaintiff's actions "defeat[ed] its right to indemnity under the parties' agreement"). *Cf. Allied-Signal, Inc. v. Acme Serv. Corp.*, No. S88-449 (RLM), 1992 WL 165816, at *5 (N.D. Ind. May 8, 1992) ("Under Indiana law, the indemnitee must prove that he is entitled to indemnification under the terms of the contract while an exception to a claim of indemnity is an affirmative defense which must be raised and proven by the indemnitor."); *Zebrowski & Assocs., Inc. v. City of Ind.*, 457 N.E.2d 259, 262 (Ind. App. Ct. 1983) ("[P]roof of the exception to an indemnity claim is an affirmative defense to be raised and proven by the indemnitor."); *Grubb & Ellis Mgmt. Serv., Inc. v. 407417 B.C., L.L.C.*, 138 P.3d 1210, 1215-16 (Ariz. App. Ct. July 27, 2006) ("Although . . . the party seeking to be indemnified has the burden of proof on the issue," indemnitor's contention that plaintiff's claim falls into an exception "is in the nature of an affirmative defense," which indemnitor has "the burden of pleading and proving."); *N. Little Rock Elec. Co. v. Pickens-Bond Constr. Co.*, 485 S.W.2d 197, 199 (Ark. 1972) (stating that indemnitor's assertion that claim is excluded by the indemnity agreement is an

3

affirmative defense on which indemnitor bears burden of proof). Consequently, Prime's contention that MWA's claim is excluded from the indemnity agreement is an affirmative defense.

The next question is whether Prime has waived that defense. "Federal Rule of Civil Procedure 8(c) requires a defendant to plead . . . any . . . affirmative defense in his answer to the complaint." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). If the defendant does not do so and allowing him to assert it belatedly will unduly prejudice the plaintiff, the defense will be deemed waived. *Id.* at 967-68. Prime did not assert the insurance coverage defense in its answer to the third-party complaint. Indeed, MWA says that the first time Prime raised it in any way was at the final pretrial conference in May 2006, nearly six years after MWA filed the amended third-party complaint.

Prime admits that it did not explicitly raise the defense until 2006. But it claims to have done so implicitly by denying the allegations in MWA's amended third-party complaint. The Court disagrees. First, as MWA points out, Rule 8(c) would be pointless if defendants could assert affirmative defenses simply by denying the allegations of the complaint. Second, even if it were possible to raise an affirmative defense in that manner, Prime still would not have done so in this case. The theory behind Prime's "implicit assertion" argument is that its denial of one or more of MWA's allegations signaled to MWA that it was raising the defense. But MWA did not make an allegation about insurance coverage in the amended third-party complaint. As a result, Prime did not and could not deny the allegation on which its implicit assertion argument depends. Thus, even if that theory were valid, it would not apply in this case.

The fact that Prime did not raise this affirmative defense in a timely manner does not, however, mean that the defense is waived. A defense will be deemed waived only if its belated

4

assertion unduly prejudices the opposing party. *Venters*, 123 F.3d at 967-68. Such is the case here. Prime's failure to assert the defense deprived MWA of the opportunity to conduct any fact or expert discovery on the insurance coverage issue. The only way to cure that prejudice is to reopen discovery, an untenable option in this nine-year-old case. Accordingly, the Court deems Prime to have waived the insurance coverage affirmative defense.

The situation is different for the third-party claim requirement. That requirement, like the insurance coverage provision, does not condition Prime's liability on any action or occurrence, or contain any of the words that signal a condition precedent. But it also does not create an exception to Prime's indemnification liability, *i.e.*, carve third-party claims out of the universe of claims subject to indemnification. Rather, it defines the universe of claims subject to indemnification. Thus, it is neither a condition precedent nor an affirmative defense. It is an element of MWA's contract claim.

The next question is whether any evidence should be introduced on this issue. MWA says it should not because the term "third party" is unambiguous and, thus, Kemper Prime Industrial Partners' ("KPIP") status as a third party can be determined as a matter of law by the Court.

Interpreting non-ambiguous contract language is, indeed, the province of the Court. *See Lenzi v. Morkin*, 469 N.E.2d 178, 179, (Ill. 1984). And, there is no ambiguity to "third party," which is generally defined as "[o]ne other than the principals involved in a transaction." *See* The American Heritage Dictionary of the English Language (4th ed. 2000), *available at* http://dictionary.reference.com/browse/third%20party; *see also McRoberts Software, Inc. v. Media 100 Inc.*, No. IP99-1577-C-M/S, 2001 WL 1224727, at *15 (S.D. Ind. Aug. 17, 2001) ("The plain meaning of "third party" in this context is anyone who is not a party (*i.e. signatory*) to the contract."); *Reeds v. Walker*, No. 101,994, 2006 WL 1686739, at *6 (Okla. June 20, 2006) ("The

5

plain and ordinary meaning of the term "third party" is simply someone who is not a party to the health insurance contract."); *Burns v. Barfield*, 732 So.2d 1202, 1205 (Fla. App. Ct. 1999) ("'[T]hird party' is a term used to include all persons who are not parties to the contract, agreement or instrument of writing in question."). Moreover, there is no dispute that KPIP did not sign the PSA.

Prime suggests, however, that it was acting as KPIP's agent when it signed the PSA. If that is true, then KPIP is not a third party. *See Dunlop v. McAtee*, 333 N.E.2d 76, 79 (Ill. App. Ct. 1975) (stating that principal, not agent, is liable on contract if the "agent discloses the name of his principal or . . . the party dealing with the agent knows that the agent is acting as an agent."). The existence of an agency relationship is an issue of fact. *See Prichard Tower Erections, Inc. v. Great Am. Ins. Co.*, 576 N.E.2d 206, 209 (Ill. App. Ct. 1991). Thus, whether Prime was acting as KPIP's agent is an issue that must be resolved at trial.

**SO ORDERED.**  ENTERED: 1/30/07

RONALD A. GUZMAN
United States District Judge