**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEMPER/PRIME INDUSTRIAL PARTNERS et al, | ) ) ) | |
| Plaintiffs, Third-Party Defendant | ) ) | No.: 97 CV 4278 |
| vs. | ) ) ) | Hon. Ronald A. Guzmàn |
| MONTGOMERY WATSON AMERICAS, INC., | ) ) ) | |
| Defendant, Third-Party Plaintiff | ) | |

**THIRD-PARTY DEFENDANT'S FIRST MOTION
FOR JUDGMENT AS A MATTER OF LAW**

Third-Party Defendant, The Prime Group, Inc., ("Prime Group") by and through its attorneys, Daniel J. Biederman and Steve C. Silvey of the Biederman & Silvey Law Firm, LLC, for its First Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure states as follows.

1.      Law of the case and this Court's rulings preclude Montgomery Watson Americas, Inc. ("MWA") from being able to comply with any burden of proof as a matter of law for the following reasons:

a. MWA cannot prove the existence of any third party from which it can be indemnified and has not identified any witness on the witness list to testify about the existence of any third party;

b. Accepting application of the disputed contract number 60807 for the sake of argument, MWA cannot prove that it tendered the defense or requested indemnity from any of the parties in this case. Because performance is an essential element of MWA's burden of proof in a contract case such as this, MWA cannot sustain it's burden as a matter of law and;

c. Again accepting application of the disputed contract for the sake of argument, the Court does not have subject matter jurisdiction at this point in the proceedings. The terms of the contract upon which MWA is relying allow for reimbursement of only "costs." As this is a case based upon diversity, MWA has not identified any evidence or witness to establish any amount in controversy in excess of $75,000, exclusive of interest and costs.

2.    Law of the case generally binds a court to its own previous decision on issues arising earlier in the litigation as well as to decisions entered by a higher court earlier in the litigation. 18 *James Wm. Moore et al., Moore's Federal Practice* § 134.21[3][b] (3d ed. 1997). In this situation, the Court ruled in January that MWA bears the burden of proof on the third party claim requirement as an "element of MWA's contract claim. The Court further suggested that if Prime was acting as KPIP's agent, then KPIP is not a third party. On June 12, 2007 the Seventh Circuit released its Opinion and entered judgment on the appeal. In the Opinion, the Seventh Circuit states that "Warzyn understood that the Property would soon be bought by a new partnership to be known as Kemper/Prime, which was created to make that purchase by partners in the Prime Group." That finding by the Seventh Circuit resolves the third party issue and is the law of the case that Prime was acting as KPIP's agent.

3.    MWA never tendered any request for indemnity to either KPIP or The Prime Group, Inc. That failure should be fatal to any claim now. Although it is in the setting of insurance contracts, under a contract of indemnity, failure to tender the claim will foreclose coverage for indemnity. In *Aetna Cas. & Sur. Co. v. Chicago Ins. Co.,* 994 F.2d 1254, 1259-1260 (7th Cir. 1993), the court said:

> Several cases construing Illinois law have specifically considered whether the insured must tender its defense to the insurance company before the policy coverage is triggered and have concluded that it must. See Institute of London Underwriters, 175 Ill.Dec. at 297, 599 N.E.2d 1311;  Hartford Accident & Indemnity Co. v. Gulf Ins. Co., 837 F.2d 767 (7th Cir.1988) ("Hartford Accident II ");  Hartford Accident I, 776 F.2d 1380;  Forum Ins., 711 F.Supp. 909…..failure to tender his defense 'may foreclose his right to coverage under a policy, and thus,

defeat a claim for equitable contribution [or subrogation] by another insurance carrier.'(citation omitted).

4.     Finally, it is well settled that subject matter jurisdiction must at all times comply with the amount in controversy requirement of an amount in excess of $75,000 exclusive of interest and costs. Although Prime Group disagrees with the case for other reasons, a citation employed by MWA makes it clear that a court may dismiss a case for want of jurisdiction even ruling on motions or the merits, especially when the court can  examine a contract and find no basis for the plaintiff's claim to an essential element of damages. *Pratt Central Limited Partnership vs. Dames & Moore*, 60 F.3d 350, 352 (7th Cir. 1995). Assume for the sake of argument that the contract applies and MWA prevails. The indemnity obligation is only for "costs." It is well settled that "costs" do not equate to "fees". Generally see 28 USC § 1920.

WHEREFORE, Third Party Defendant, The Prime Group, Inc., prays that judgment be entered as a matter of law in its favor and against Montgomery Watson Americas, Inc.

Respectfully submitted,
The Prime Group, Inc.


By:___/s/ Daniel J. Biederman, Sr.
One of its Attorneys


Daniel J. Biederman
Steve C.Silvey
Biederman & Silvey Law Firm, LLC
208 S. LaSalle Street, Suite 640
Chicago, IL  60604
Attorney Number: 6193960
312-238-8978