UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEMPER PRIME INDUSTRIAL PARTNERS | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| MONTGOMERY WATSON AMERICAS, INC. | ) | |
| | ) | No. 97 CV 4278 |
| | ) | |
| Defendant, Third-Party Plaintiff | ) | Hon. Ronald A. Guzmán |
| v. | ) | |
| | ) | |
| THE PRIME GROUP, INC. | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## MWA'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Montgomery Watson Americas, Inc. (MWA) moves pursuant to Rule 50 for a judgment as a matter of law, in that there is a legally insufficient evidentiary basis for the jury to find that The Prime Group, Inc. (PGI) was acting on behalf of Kemper Prime Industrial Partners (KPIP) when PGI, by James Martell, signed the Professional Services Agreement (PSA) on or about December 12, 1989, or the Work Order One, on or about February 28, 1990. This question of whether PGI was acting on behalf of KPIP when PGI signed the PSA on or about December 12, 1989, is dispositive of the "third party claim" element of MWA's claim for indemnity. Without a legally sufficient evidentiary basis that PGI was acting on behalf of KPIP when PGI entered the contract with Warzyn, KPIP is not a party to the contract, meaning, of course, it is a third-party to the contract.

**The Facts** James Martell signed the contract documents in dispute. At trial, Mr. Martell adopted as true, both at the time he signed his affidavit on December 1, 1997, and at the time of his trial testimony on June 26 and June 29, 2007, the following statements:

1. "After review and approval of Prime Group's legal department, I [James Martell] executed, *exclusively on behalf of Prime Group*, the Warzyn Engineering Inc. Professional Services Agreement, Agreement Number 60807, General Terms and Conditions for Environmental Assessments, dated December 12, 1989." (emphasis added)

2. "On February 28, 1990, after review and approval of the Prime Group legal department, I [James Martell] executed, *exclusively on behalf of Prime Group*, Work Order No. One, Agreement No. 60848." (emphasis added)

The plain meaning of Mr. Martell's affidavit, adopted by him as his trial testimony, is that the pertinent Warzyn contract documents were signed by him on behalf of Prime Group only, to the exclusion of all others, and necessarily, then, to the exclusion of Kemper Prime Industrial Partners (KPIP).

**The Law** In the Court's Memorandum Opinion and Order of January 30, 2007, *MWA v. Prime Group,* 2007 U.S. Dist. Lexis 7268 at *9-10, the Court, after observing that "there is no dispute that KPIP did not sign the PSA," ruled that unless PGI was acting as KPIP's agent when PGI signed the contract documents, KPIP was a third party to the contract.

**Argument** Whatever else the evidence at trial may show about when KPIP established a legal existence, or whatever else James Martell allegedly may have done in the name of PGI acting as the purported agent of KPIP, the evidence is uncontradicted that as to the Warzyn / PGI contract documents (Exs. 51 and 62) in question, James Martell was acting exclusively on behalf of Prime Group, Inc. when he signed them. The necessary consequence of the uncontradicted evidence is that there is no basis to send to the jury the question whether Kemper Prime Industrial Partners is a third-party to the contract.

WHEREFORE, MWA prays its motion be granted, and judgment as a matter of law be entered for MWA and against PGI on the finding that Kemper Prime Industrial Partners is a third-party to the contract, and KPIP's claim made against MWA is a third-party claim.

    Respectfully submitted this 2nd day of July 2007

    MONTGOMERY WATSON AMERICAS, INC.

By:   */s/ Daniel C. Murray*
      One of its Attorneys

Daniel C. Murray
Kathryn R. Hoying
JOHNSON & BELL, LTD.
Suite 2700
33 West Monroe Street
Chicago, Illinois 60603-5404
Tel. 312 984 0226

Certificate of Service

     I, Letitia M. Reyes, certify that I caused service of this ***MWA's Motion for Judgment As A Matter of Law*** to Daniel Biederman at his address shown above on this 2nd day of July 2007, by operation of the court's Electronic Case Filing System.

                                                                      /s/ *Letitia M. Reyes*
                                                                      Letitia M. Reyes

1659037