# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KEMPER/PRIME INDUSTRIAL PARTNERS et al, | ) | |
| | ) | |
| Plaintiffs, Third-Party Defendant | ) | No. 97 CV 4278 |
| | ) | |
| vs. | ) | |
| | ) | Hon. Ronald A. Guzmàn |
| MONTGOMERY WATSON AMERICAS, INC., | ) | |
| | ) | |
| Defendant, Third-Party Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE PRIME GROUP, INC. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## THIRD-PARTY DEFENDANT'S SECOND MOTION
## FOR JUDGMENT AS A MATTER OF LAW

Third-Party Defendant, The Prime Group, Inc., ("Prime Group") by and through its attorneys, Daniel J. Biederman and Steve C. Silvey of the Biederman & Silvey Law Firm, LLC, for its Second Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure states as follows.

1. Prime Group's First Motion for Judgment as a Matter of Law is incorporated by reference, renewed at the close of Montgomery Watson Americas, Inc.'s ("MWA") case in chief and renewed again at the close of all the evidence.

2. Law of the case and this Court's rulings preclude Montgomery Watson Americas, Inc. ("MWA") from being able to comply with any burden of proof as a matter of law for the following reasons:

    a. MWA failed to prove the existence of any third party from which it can be indemnified and;

    b. MWA failed to prove costs arising out of or connected with third party claims.

3. Law of the case generally binds a court to its own previous decision on issues arising earlier in the litigation as well as to decisions entered by a higher court earlier in the litigation. 18 *James Wm. Moore et al., Moore's Federal Practice* § 134.21[3][b] (3d ed. 1997). In this situation, the Court ruled in January, 2007 that MWA bears the burden of proof on the third party claim requirement as an "element of MWA's contract claim." The Court further suggested that if Prime was acting as KPIP's agent, then KPIP is not a third party. At the close of MWA's case in chief, there was insufficient proof of the existence of a third party to sustain the burden of proof as a matter of law.

4. According to the Restatement (Third) of Agency, Section 6.03:

> When an agent acting with actual authority makes a contract on behalf of an undisclosed principal,
> (1) unless excluded by the contract, the principal is a party to the contract;
> (2) the agent and the third party are parties to the contract; and
> (3) the principal, if a party to the contract, and the third party have the same rights, liabilities, and defenses against each other as if the principal made the contract personally, subject to §§6.05-6.09.

5. Although Prime Group believes that the evidence is uncontroverted that it was at all times acting as the managing partner/agent for Kemper/Prime Industrial Partners, assume just for the sake of argument that KPIP was never disclosed. In 1876, the Illinois Supreme Court settled the matter when it said:

> Where the agent fails to disclose his principal, he may, on showing the agency, claim and enforce the contract, precisely as if entered into by himself. Even where the agent enters into a written contract, it is competent for the principal to show by parol evidence that the agent was acting for him. *Ford v. Williams, 21 How. (U. S.) 287*; *Higgins v. Lenior,* 8 M. & S. 844; *Jones v. Littledale,* 6 Ad. & Ell. 486; Story on Agency, sec. 270. In fact, the rule is so familiar to the profession, that the citation of authority would seem to be unnecessary to illustrate the doctrine.

*Barker vs. Harvey*, 83 Ill. 184 (1876).

6. Applying the law to the facts of this case, it is undisputed that The Prime Group, Inc. was the authorized agent/managing partner of a principal, Kemper/Prime Industrial Partners. While

MWA may take umbrage with whether or not Mr. Martell was acting "exclusively" at various points in time, in terms of appropriate legal analysis, that is irrelevant. The only inquiry is if his actions in signing Exhibit 51, Agreement 60807 were authorized. As the only evidence on this critical point was from Prime Group witnesses Mr. Martell and Mr. Reschke that Mr. Martell was at all times authorized and acting on behalf of a principal (KPIP), then Kemper/Prime Industrial Partners may "claim and enforce the contract, precisely as if entered into by himself." *Id.* Since KPIP clearly is not excluded from the contract, then it is a party to the contract (Plaintiff's Exhibit 51, Agreement 60807) along with Prime Group and MWA. Both KPIP and MWA have the same rights as if KPIP made the contract personally.

"Whenever an instrument discloses that its maker signs in a representative capacity the obligation is that of the principal if the agent was duly authorized." *Shircliff vs. Dixie Drive-In Theatre*, 7 Ill.App.2d 370, 373, 129 N.E. 2d 346, 348 (3rd Dist. 1955). Additional support can be found in *O'Connor vs. Village of Palos Park*, 31 Ill.App.3d 528, 333 N.E.2d 276 (1st Dist. 1975) "Where an agent fails to disclose that he is acting for a principal, the latter may, on showing the agency, claim the benefit of any transaction into which the agent entered, precisely as if the principal had entered into it himself." citing *Heywood Bros. & Wakefield Co. v. Andrews*, 89 Ill.App. 195 (3rd Dist. 1899).

7. MWA's trial assertion that "exclusive" action for an entity that didn't formally exist until June 22, 1990 (the date of the KPIP Partnership Agreement) is dispositive of any issue must also fail. Again, the existence of the entity is not a relevant or proper inquiry. If the agent is signing in a representative capacity, even if the principal is not a corporate entity or even formed as yet, the agent is not subject to personal liability. See *Smith vs. Reisch*, 329 Ill.App. 45, 67 N.E.2d 304 (3rd Dist. 1946)(Common law trust agreement authorized trustees to execute notes, excusing personal liability); *Tin Cup Pass Limited vs. Daniels*, 195 Ill.App.3d 847, 553 N.E.2d 82 9(2nd Dist.,

3

1990)(previously signed lease properly ratified by later formed corporation, establishes principal relationship and excuses agent liability).

8. Moreover, at the close of MWA's case in chief, there was insufficient proof of costs being paid by MWA as the real party in interest, to sustain the burden of proof as a matter of law. The evidence presented through the testimony of Mr. Adams shows that MWA does not know what entity paid for what damages at any specific point in time. The various cost invoices that were marked as Adam's exhibits show that every single fee invoice was sent to an entity that is not before the court. The face of the invoices bears the company name, "MWH Global, Inc." The party claiming damages for costs is Montgomery Watson Americas, Inc. "MWA". There was not any testimony or any evidence of any kind that MWH Global, Inc. was under any obligation to pay any of the damage costs at any time for MWA. A mere volunteer, under no legal obligation to pay for costs incurred, does not have any standing to sue or any standing for any right of recovery. *Inland Real Estate vs. Tower Construction*, 174 Ill.App.3d 421, 528 N.E. 2d 421 (1st Dist. 1988).

9. Adding it all up, MWA fails to present a single relevant legal or factual basis for this matter to continue any further. There simply is not any "third party" or "costs" as a matter of law.

WHEREFORE, Third Party Defendant, The Prime Group, Inc., prays that judgment be entered in its favor as a matter of law and against Montgomery Watson Americas, Inc.

Respectfully submitted,
The Prime Group, Inc.

By: __/s/ Steve C. Silvey__
One of its Attorneys

Daniel J. Biederman
Steve C.Silvey
The Biederman & Silvey Law Firm, LLC
208 S. LaSalle Street, Suite 640
Chicago, IL 60604
312-239-8878